# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THOMAS SJOBERG,

      Plaintiff

v.

DEPUTY HAWLEY and
SHERIFF McNEIL,

      Defendants

Case No.: 3:17-cv-00263-MMD-WGC

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 23

      This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

      Before the court is Defendants' Motion for Summary Judgment. (ECF No. 23, 23-1, ECF No. 31-1 (noting manual filing under seal of video of interview), and ECF No. 37 (transcript of video of interview filed under seal).) Plaintiff filed a response. (ECF No. 29, ECF No. 38 (supplement).) Defendants filed a reply. (ECF No. 34, ECF No. 38 (sur-reply).)

      After a thorough review, it is recommended that Defendants' motion be granted.

## I. BACKGROUND

      Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action under 42 U.S.C. § 1983 for violations of the Americans with Disabilities Act, 42 U.S.C. § 12132 (ADA) and the Rehabilitation Act, 29 U.S.C. § 794(a) (RA). While Plaintiff is currently incarcerated within the NDOC, the events giving rise to this action took place while Plaintiff was housed at the Lyon County Jail. Defendants are Sheriff Alvin McNeil and Deputy Wayne Hawley. (First Am. Compl. (FAC), ECF No. 5.)

1    On screening, Plaintiff was permitted to proceed with his claims under the ADA and RA

2  against Hawley and McNeil. Plaintiff alleges that he was born with Cerebral Palsy and has

3  hearing loss in both ears. He contends that Hawley did not provide a reasonable accommodation

4  to be able to hear effectively or understand during when Hawley interviewed him and advised

5  him of his rights prior to his arrest at the sheriff's substation. In addition, he alleges that McNeil

6  did not properly train deputies about hearing impaired individuals or have reasonable

7  accommodations available for hearing impaired individuals. He contends he was never provided

8  with assistance or reasonable accommodation at the Lyon County Jail from May 6, 2015 through

9  May 13, 2016. (ECF No. 7.)[1]

10    Defendants move for summary judgment, arguing: (1) Plaintiff's claims are barred under

11  *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) the evidence does not support a finding that

12  Plaintiff's rights under the ADA or RA were violated; (3) the claims against Defendants in their

13  individual capacities must be dismissed; and (4) the official capacity claims fail as a matter of

14  law.

15                              **II. LEGAL STANDARD**

16    "The purpose of summary judgment is to avoid unnecessary trials when there is no

17  dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18

18  F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary

19  judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*,

20  525 F.3d 805, 810 (9th Cir. 2008) (citation omitted). "The court shall grant summary judgment if

21  the movant shows that there is no genuine dispute as to any material fact and the movant is

22

23

_____

[1] Plaintiffs' supplemental response mentions a claim that he was arrested because of his disabilities, but he did not allege and was not allowed to proceed on such a claim.

2

1   entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, where

2   reasonable minds could differ on the material facts at issue, summary judgment is not

3   appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

4           In evaluating whether or not summary judgment is appropriate, three steps are necessary:

5   (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as

6   to a material fact; and (3) considering the evidence in light of the appropriate standard of proof.

7   *See Anderson*, 477 U.S. at 248-50. As to materiality, only disputes over facts that might affect

8   the outcome of the suit under the governing law will properly preclude the entry of summary

9   judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. at 248.

10          In deciding a motion for summary judgment, the court applies a burden-shifting analysis.

11  "When the party moving for summary judgment would bear the burden of proof at trial, 'it must

12  come forward with evidence which would entitle it to a directed verdict if the evidence went

13  uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing

14  the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp.*

15  *Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations

16  omitted). In contrast, when the nonmoving party bears the burden of proving the claim or

17  defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

18  an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

19  party cannot establish an element essential to that party's case on which that party will have the

20  burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

21          If the moving party satisfies its initial burden, the burden shifts to the opposing party to

22  establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v.*

23  *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine

3

1  dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute

2  be shown to require a jury or judge to resolve the parties' differing versions of truth at trial."

3  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)

4  (quotation marks and citation omitted). "Where the record taken as a whole could not lead a

5  rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"

6  *Matsushita*, 475 U.S. at 587 (citation omitted). The nonmoving party cannot avoid summary

7  judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id*.

8  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set

9  forth specific facts by producing competent evidence that shows a genuine dispute of material

10 fact for trial. *Celotex*, 477 U.S. at 324.

11      At summary judgment, the court's function is not to weigh the evidence and determine

12 the truth but to determine whether there is a genuine dispute of material fact for trial. *See*

13 *Anderson*, 477 U.S. at 249. While the evidence of the nonmoving party is "to be believed, and all

14 justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is

15 merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-

16 50 (citations omitted).

17                          **III. DISCUSSION**

18 **A. Facts**

19      On May 6, 2015, the Lyon County Sheriff's Office received a report of sexual assault of a

20 juvenile purportedly perpetrated by Plaintiff. (ECF No. 23-1 at 2, Lyon County Sheriff's Office

21 Declaration of Probable Cause and Detention.) It was reported that over the course of four years,

22 Plaintiff had engaged in a pattern of sexual assault against the juvenile daughter of Plaintiff's

23 wife, Jennifer Sjoberg. (*Id*.) Deputy Hawley made contact with Plaintiff at the Wal-Mart located

in Fernley, Nevada, and asked Plaintiff to accompany him to the substation of the Lyon County Sheriff's Office for an interview. Plaintiff agreed. Hawley interviewed Plaintiff at the substation, which was recorded on video. After he had been questioned for a while, Hawley read Plaintiff the *Miranda* warnings.

Plaintiff was subsequently arrested for sexual assault of a juvenile, sexual battery and child abuse. He was transported to the Lyon County Jail and released to jail staff for booking. On May 11, 2015, the criminal complaint was filed. (*Id.* at 6-8.) Plaintiff subsequently pled guilty to the charge of lewdness with a child under the age of 14. (*See id.* at 10, 16-18.)

He later filed a pre-sentence motion to withdraw his guilty plea on the basis that his counsel was ineffective in failing to move to suppress statements Plaintiff made to Hawley on the basis that he did not voluntarily, knowingly and intelligently waive his rights because he has hearing difficulties and was not provided with a hearing device or interpreter to permit him to understand Hawley's questions and the advisement of his *Miranda* rights. (*See id*. at 11.)

The district court conducted an evidentiary hearing and reviewed a recording of Hawley's interview with Plaintiff and concluded that Plaintiff could hear and understand Hawley. (*See id.* at 11-12.) The district court observed Plaintiff repeating Hawley's questions multiple times during the interview and responding to questions posed in an appropriate and coherent manner. The court concluded that Plaintiff could read lips and had a clear view of Hawley's face during the interview. (*Id.)* The court found Plaintiff was properly advised of his *Miranda* rights and voluntarily chose to continue talking to Hawley. (*Id.* at 12.) As a result, the district court concluded that Plaintiff had knowingly, intelligently and voluntarily waived his rights and his counsel was not ineffective for failing to move to suppress his statements under the

circumstances. (*Id.*) Therefore, Plaintiff's motion to withdraw his guilty plea was denied and he was sentenced to life with the possibility of parole after ten years. (*Id.* at 12, 17.)

Following his conviction, Plaintiff filed a notice of appeal to the Nevada Supreme Court, arguing the district court erred in denying his motion to withdraw his guilty plea. (*Id.* at 20.) The Nevada Court of Appeals found the record supported the district court's conclusion that Plaintiff was able to understand Hawley, and so he had knowingly, intelligently, and voluntarily waived his rights. As such, the district court's decision to deny the motion to withdraw the guilty plea was affirmed. (*Id.* at 10-13.)

**B. Legal Standard**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Similarly, the RA provides: "No otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a).

The implementing regulations to Title II of the ADA provide:

> A public entity shall furnish appropriate auxiliary aids and services *where necessary* to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program or activity of a public entity.

28 C.F.R. § 35.160(b)(1) (emphasis added).

Both the ADA and RA apply in the prison context. *See United States v. Georgia*, 546 U.S. 151, 154 (2006) (citation omitted). The ADA applies to public entities, which include State

or local governments and their departments or agencies. *George,* 546 U.S. at 154 (citation omitted); *Lovell v. Chandler*, 303 F.3d 1039, 1052. The RA, in contrast, applies to all federally funded programs. *Id*. Defendants do not argue here that the RA does not apply. The ADA and RA are nearly identical and case law construing Title II of the ADA generally applies equally to claims arising under the RA. *See e.g. Duvall v. County of Kitsap*, 260 F.3d 1124, 1135-36 (9th Cir. 2001) (citation omitted).

The plaintiff bears the burden of demonstrating the elements of his or her prima facie case. *Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2007) (citing *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1046 (9th Cir. 1999)). This includes, if applicable, "'the existence of a reasonable accommodation' that would enable him to participate in the program, service or activity at issue." *Id.*

**C. Analysis**

Preliminarily, Defendants are correct that Plaintiff cannot maintain an action under section 1983 against them in their individual capacities to vindicate rights created by the Title II of the ADA or section 504 of the RA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Insofar as they are sued in their official capacities, in the "reasonable accommodation" context, a plaintiff must "identify 'specific reasonable' and 'necessary' accommodations that the defendant failed to provide." *Duvall*, 260 F.3d at 1138.

The only context in which Plaintiff specifically mentions he needed a reasonable accommodation is in connection with the questioning in the interview with Hawley before he was arrested. In that instance, he alleges he should have at least been provided with a hearing amplifier. Otherwise, he only alleges generally that he was not provided with a reasonable accommodation during his entire time at the Lyon County Jail without specifying what specific

reasonable and necessary accommodations they failed to provide. Plaintiff's briefing is devoid of any discussion of what reasonable accommodation he claims was necessary during his stay at the Lyon County Jail. Plaintiff submits as exhibits grievances and kites where he asserts a hearing impairment while at the *NDOC*, but those documents do not support his claim that he was denied a necessary reasonable accommodation while at the Lyon County Jail.[2] Plaintiff also includes a report from a neuropsychological examination he had with Ted W. Young, Ph.D., at the request of his habeas counsel, Karla Butko, Esq. While Dr. Young acknowledged Plaintiff had some hearing loss, he expressly stated that he did not perform a hearing examination; was not competent to assess hearing loss; and, was not offering an opinion as to the nature or severity of his hearing loss. (ECF No. 29 at 89-90.)

Defendants do provide a grievance Plaintiff submitted at the Lyon County Jail where he says that Deputy Cronk was inconsiderate about his ability to hear correctly and understand fully when he did not knock to make his presence known, and when he was facing away from Plaintiff and Plaintiff could not hear what the officer said. Plaintiff reported that the officer "got bent out of shape that he had to keep repeating himself." Plaintiff indicated in the grievance that he could read lips, and was aware of rude remarks the officer made. (ECF No. 23-1.) Plaintiff did not state that he needed any sort of accommodation, but instead he indicated that had the officer been facing him he could have made out what the officer was saying. Again, Plaintiff did not identify any specific reasonable accommodation that the jail failed to provide him during his stay there in either his amended complaint or his briefing on this motion.

---

[2] The court makes no findings as to whether any reasonable accommodation is necessary with respect to NDOC.

In sum, Plaintiff's claims under the ADA and RA fail insofar as he broadly asserts that he was not given a reasonable accommodation during his stay at the jail.

The court will now address the reasonable accommodation issue with respect to the interview questioning with Hawley before he was arrested, which hinges on whether a reasonable accommodation was "necessary." The video of the interview and the transcript definitively answer this question in the negative. A review of the video demonstrates that Plaintiff did not have difficulty hearing or understanding defendant Hawley's questioning during the interview. This is also confirmed by the transcript. In the video, Hawley was speaking clearly and loudly, and Plaintiff was able to answer Hawley's questions in an appropriate fashion. At one point, Plaintiff said he was hard of hearing, and when Hawley asked whether he could hear him then, Plaintiff said he could. When Hawley advised Plaintiff of his *Miranda* rights, he specifically asked if Plaintiff understood, and Plaintiff responded affirmatively. At times, Plaintiff would repeat the questions that Hawley asked and then provide a response. There was not a point in the video where it appeared that Plaintiff could not hear or understand Hawley. Therefore, the court cannot conclude that a reasonable accommodation was necessary during the interview.

The court's conclusion is supported by the State court findings at the trial court and appellate court levels that Plaintiff had no difficulty hearing or understanding Hawley's questioning during the interview. It is also supported by Hawley's testimony on cross-examination during the criminal trial, an excerpt of which is provided as an exhibit by Plaintiff. Hawley testified that Plaintiff could hear what he was saying, and had no problem understanding his rights when Hawley read them.

In sum, the court finds that summary judgment should be entered in favor of Hawley and McNeil.

In light of the court's findings, it need not reach the other arguments raised by Defendants.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' motion for summary judgment (ECF No. 23) and enter judgment in their favor.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 25, 2019

William G. Cobb
United States Magistrate Judge

10